[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This dissolution action was brought to this court on June 15, 1999 and tried to the court on December 5, 2000. The plaintiff, Jeannette Kilcourse appeared pro se and the defendant, Michael Kilcourse, was represented by counsel.
The court finds the following facts. The parties were married on June 9, 1991 in Stratford, Connecticut. They lived in Connecticut throughout their marriage. They have one child, issue of the marriage, Michael William Kilcourse, II, born May 22, 1992. Neither the parties nor the child have received financial assistance from the state of Connecticut or from any town or municipality therein. Their marriage has broken down irretrievably. The court has jurisdiction to decide this matter.
At the time of trial, both parties were 45 years of age. The plaintiff wife is employed by the Town of Southbury as a clerk earning a gross salary of $551 per week or $28,652 per year. The defendant husband is employed by the Town of Ridgefield Highway Department as a greenskeeper at the local golf course. He is earning a gross salary of $664 per week or $34,528 per year. Both parties are high school graduates.
The parties first met in 1989. Both were recovering substance abusers. The defendant was working at a golf course and living in a halfway house CT Page 4061 as a recovering alcoholic. The plaintiff was employed and raising two daughters from an earlier marriage. The defendant stayed in the plaintiff's home on weekends and by late summer of 1990, the parties were residing together. The plaintiff moved from East Haven to Danbury bringing her furniture with her to furnish their apartment.
In February 1991, the defendant was diagnosed with a malignant tumor. He underwent treatment during which time the plaintiff assisted in his care. The defendant did not work but received two-thirds of his salary during this period of convalescence.
The parties married in June 1991. Their son was born eleven months later. Shortly after his birth, the husband was again diagnosed with cancer. The plaintiff again assisted in his care, enlisting the help of her mother with the baby and with her husband. The defendant was on sick leave for one year receiving two-thirds of his salary. In 1995 he underwent surgery for a herniated disk and did not work for another year, again receiving two-thirds of his salary. He also received a lump sum payment in connection with a Workers' Compensation claim. He netted $13,000 of a $16,000 settlement. He put that sum in his son's Vanguard custodial account and ITT Hartford Retirement Savings Plan. In 1999 he underwent shoulder surgery and was out of work for approximately four months during which he received two-thirds of his salary. Throughout these illnesses the plaintiff worked full-time, including occasional overtime hours, and cared for both the child and her husband.
The plaintiff filed this dissolution action in May, 1999. The defendant was under the influence of prescription medications and communication between the parties had broken down. The parties separated in October 1999. At that time, the defendant removed certain furnishings with the agreement of the plaintiff.
After the separation, the defendant lived with a co-worker then moved into an apartment of his own. In June and November of 2000 he was hospitalized in a detoxification unit. The plaintiff provided transportation for him to and from the unit. After his discharge, she caused him to lose a part-time job at the Bethel Smoke Shop when she called the owner and stated that it was not healthy for the defendant to work there. He had earned approximately $80 per week during his four years there. He plans to seek another part-time position.
The plaintiff underwent cardiac catheterization in April 2000 after becoming ill at work. She continues to work full-time.
The parties purchased a condominium in 1995. The source of the down payment was $6000 from the plaintiff's pension fund and a gift of CT Page 4062 approximately $6000 from the defendant's parents. The parties paid $129,000 and have a mortgage balance of approximately $118,000. The court finds that the fair market value of the condominium is approximately $135,000. The defendant is a beneficiary of a Family Trust. The court has insufficient evidence upon which to base any orders regarding distribution of that trust.
During the pendency of this action, the defendant withdrew $8500 from his ITT account which then had a balance of $13,000. He paid his own attorney's fee and resettling expenses. He also had a certificate of deposit in the amount of $3000. While he paid some household bills, he maintained control of these accounts and withdrew sums without advising his wife.
She kept the 1999 state income tax refund without sharing it with him as she had little access to ready funds.
In addition, he also paid $250 toward a judgment against both parties in the amount of $3272 arising from a debt owed the Milford Beach apartments. The plaintiff pays $25 per month and has maintained her schedule of payments.
The court has listened to and observed the witnesses and reviewed all the exhibits in the case. In addition, the court has carefully considered the criteria set forth in Connecticut General Statutes §§ 46b-81, 46b-82
and 46b-84 in reaching the decisions reflected in the orders that follow.
Based on the foregoing, the court enters the following orders:
1. The marriage of the parties shall be dissolved on the grounds of irretrievable breakdown.
 (a) The parties shall share joint legal custody of the minor child. The plaintiff shall have primary physical custody;
 (b) The defendant shall have liberal, flexible and reasonable rights of visitation, including but not limited to alternate weekends from Friday, 5:00 p.m. to Sunday, 7:00 p.m. and one evening during the week to be determined by the parties taking into consideration the child's activities;
 (c) the child shall be with the mother on Mother's Day and with the father on Father's Day, which days shall CT Page 4063 take precedence over the regular weekend visitation schedule;
 (d) The parties shall alternate the child's birthday with the father having him in odd-numbered years and the mother in even-numbered years;
 (e) The father shall have the child each Christmas Eve from 4:00 p.m. to 11:00 p.m. The mother shall have the child Christmas Day. The parties shall make their own agreement concerning the sharing of all other holidays;
 (f) The defendant father shall have a minimum of one week vacation. This can occur during Christmas week or the child's school winter vacation. Any additional vacation time shall be agreed upon by the parties. The father shall give the mother 2 weeks notice of his desire to take any other vacation time with the child;
 (g) The defendant is not to have alcoholic beverages within 24 hours before the child's visitation or during it.
3. The defendant shall pay the sum of $102 per week as child support in accordance with the Child Support Guidelines until the child attains the age of 19 years or graduates from high school, whichever first occurs. A contingent wage execution shall issue if the defendant fails to pay the child support.
4. The defendant shall pay the plaintiff the sum of $50 per week as alimony until her death, remarriage, cohabitation pursuant to statute or until 5 years from the date of this judgment, whichever event first occurs.
5. The defendant shall transfer his interest in the marital residence to the plaintiff. She shall be responsible for paying the mortgage, taxes and insurance on the property and hold the defendant harmless thereon. She shall refinance the home no later than four years from the date of the judgment to remove the defendant's name from the mortgage debt.
6. The defendant shall immediately begin to pay on a monthly basis his share of the debt owed to Milford Beach Apartments. In the event he fails to do so and the plaintiff becomes liable for his share of the debt, the foregoing alimony order may be modified as to both term and amount.
CT Page 4064
7. Each party shall retain the personal property in his/her possession.
8. The defendant shall continue to maintain the child on his health insurance plan. The plaintiff shall also name the child as an insured if at no extra cost to her. The defendant's insurer shall be the primary carrier. The provisions of Connecticut General Statutes § 46b-84 (e) shall apply to this order. Pursuant to the child support guidelines, the plaintiff shall pay 59% of the child's unreimbursed medical expenses and the defendant 41%.
9. The plaintiff shall claim the child as a dependent for income tax purposes.
10. The defendant shall name his son as the sole irrevocable beneficiary of his life insurance policy until his obligation to pay child support ceases.
11. The defendant shall maintain the Vanguard custodial account for the benefit of the minor child. This account had a balance of $9094.02 on September 30, 2000. He shall make no withdrawals therefrom without the written consent of the plaintiff. He shall send her quarterly statements of this account.
12. The defendant shall transfer 50% of his interest valued as of the date of judgment in the town of Ridgefield Pension Plans, both Union and Non-Union to the plaintiff. She shall hold that interest jointly with right of survivorship. He shall prepare the Domestic Relations Order necessary to effectuate this transfer.
All other claims for relief not specifically addressed herein have been rejected.
Judgment shall enter accordingly.
SANDRA VILARDI LEHENY